**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

IAN EWERT,

      Plaintiff

v.

BRIAN MARTINEZ

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

      Plaintiff, Ian Ewert, by and through his attorneys of the Civil Rights Litigation Group, PLLC, hereby submits this Complaint and Jury Demand, and alleges as follows:

### <u>INTRODUCTION</u>

      This is a contempt-of-cop civil rights case involving the unlawful, retaliatory arrest of Ian Ewert by Defendant Officer Brian Martinez of the Englewood Police Department, when Officer Martinez arrested Mr. Ewert for exercising his First Amendment right to record officers while on a public sidewalk – at least fifteen feet away from the officers. In short, Officer Martinez arrested Mr. Ewert after Mr. Ewert insisted on his right to record the officers and declined to follow an unlawful command to leave a public sidewalk and return to his home. Officer Martinez' statements make it appear that he believes anything he says to a citizen is a "lawful order," and must be followed, and that he sought to teach Mr. Ewert a lesson for having the audacity to assert his First Amendment right to record despite being told to go back to his home. Officer Martinez charged

Mr. Ewert with Resisting/Interference with an Officer under Englewood Municipal Code § 7-6A-5. To add insult to injury, Officer Martinez handcuffed and transported Mr. Ewert to his patrol vehicle while deliberately raising Mr. Ewert's elbows over his head in order to cause him unnecessary pain. The prosecution continued for six months until, on October 12, 2020, the court granted the District Attorney's motion to dismiss.

As a result of the unlawful, retaliatory arrest, Mr. Ewert was prosecuted for over six months. Mr. Ewert seeks justice for loss of liberty, economic damages, emotional distress, humiliation, pain and suffering, indignity, and reputational impact. Additionally, Mr. Ewert seeks punitive sanctions against Defendant Martinez to punish and deter such blatant abuse of authority.

## JURISDICTION AND VENUE

1.      Plaintiff's claims are brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

2.      This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because all the events alleged herein occurred in the State of Colorado.

4.      Jurisdiction supporting the Plaintiff's claim for attorney's fees and costs is conferred by 42 U.S.C. §1988.

## PARTIES

5.      Plaintiff incorporates all other preceding paragraphs of this Complaint as if set forth herein.

6.      Plaintiff Ian Ewert was at all times relevant to the claims set forth herein a resident of the State of Colorado.

7.      Defendant Brian Martinez was, at all times relevant to the subject matter of this Complaint, acting under color of state law and employed as a Police Officer with the Englewood Police Department.

## BACKGROUND FACTS

8.      Plaintiff incorporates all other preceding paragraphs of this Complaint as if set forth herein.

9.      On April 9, 2020, Plaintiff's neighbor called the Englewood Police over a verbal dispute between the neighbor and Plaintiff.

10.     Defendant Martinez arrived on scene, where he observed Mr. Ewert standing in his front yard.

11.     Defendant Martinez approached Plaintiff's neighbor to discuss the reason for the call.

12.     As Defendant Martinez was talking to the neighbor, Plaintiff recorded the police interaction while standing on the sidewalk approximately fifteen feet away.

13.     While Plaintiff recorded Defendant Martinez on his cellphone from at least fifteen feet away, Plaintiff told Defendant Martinez, "I'm on a public sidewalk; I'll stay my distance."

14.     In response, Defendant Martinez told Mr. Ewert to "go over there," referring to Mr. Ewert's front yard.

15.     Plaintiff reiterated that he was on a public sidewalk and was not doing anything wrong.

16.     Defendant Martinez took issue with Plaintiff asserting his right to record the police interaction while on the public sidewalk.

17.     As a result, Defendant Martinez rushed toward Mr. Ewert and aggressively grabbed Mr. Ewert's arms to place him in handcuffs.

18.     Plaintiff remained at least fifteen feet away from the officer while recording, until Defendant Martinez charged toward Plaintiff and aggressively arrested him.

19.     Mr. Ewert explained that Defendant Martinez did not have a lawful reason to go hands-on with Mr. Ewert.

20.     Defendant Martinez violently yanked and pulled on Mr. Ewert's arms while telling him, "I gave you an order."

21.     Mr. Ewert pleaded with Defendant Martinez that he was not violating any laws by standing on the sidewalk and recording the police interaction from a fair distance.

22.     Defendant Martinez responded by telling Mr. Ewert, "It doesn't matter; you need to listen."

23.     Once in handcuffs, Defendant Martinez and Officer Gerson (Officer Gerson arrived after Defendant Martinez) walked Mr. Ewert to the patrol vehicle while holding his arms up high in order to cause Mr. Ewert pain.

24.     Mr. Ewert did not attempt to flee or resist the officers in any way. Plaintiff complied with Defendant Martinez's command to put his hands behind his back and he walked to the officers' patrol vehicle as instructed.

25.     During the arrest, Mr. Ewert's cellphone was knocked out of his hand and fell to the ground. At the end of Mr. Ewert's cellphone recording, one of the officers appears to pick up the cellphone and turn off the recording.

26.     Defendant Martinez stated that he arrested Plaintiff because "he did not follow my order to go back to his house."

27.     Defendant Martinez criminally charged Plaintiff for allegedly violating Englewood Municipal Code § 7-6A-5, Resistance/Interference with Municipal Officers.

28.     As a result of the incident, Plaintiff had to devote time and financial resources to defend against the criminal prosecution for over six months before the case was dismissed.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983, First/Fourth Amendment – Retaliation

29.     Plaintiff incorporates all other preceding paragraphs of this Complaint as if set forth herein.

30.     When Defendant Martinez arrived on scene, he spoke with Plaintiff's neighbor.

31.     Defendant Martinez never told Plaintiff that he was being detained, and Plaintiff had no reason to believe he was being detained.

32.     Plaintiff stood on a public sidewalk and recorded the interaction from at least fifteen feet away from Defendant Martinez and Plaintiff's neighbor.

33.     Defendant Martinez told Plaintiff to go back to his yard.

34.     Plaintiff declined Defendant Martinez's request and reminded him that Plaintiff was on a public sidewalk.

35.     Again, Plaintiff reminded Defendant Martinez that Plaintiff was on a public sidewalk, and he added, "there's nothing I'm doing wrong."

36.     In response to Plaintiff's repeated assertions of his right to record officer while on a public sidewalk, Defendant Martinez grabbed Plaintiff's arms to place him under arrest.

37.     When Plaintiff reiterated that he was on a public sidewalk, Defendant Martinez immediately blurted out: "It doesn't matter! It doesn't matter. You need to listen."

38.     Defendant Martinez arrested Plaintiff and escorted him to the patrol vehicle.

39.     Defendant Martinez told Plaintiff that he was being arrested because "he did not follow [Defendant Martinez's] order to go back to his house."

40.     Plaintiff was engaged in constitutionally protected activity when he recorded Defendant Martinez while standing on a public sidewalk at least fifteen feet away from the officers and Plaintiff's neighbor; moreover, Plaintiff had no duty to follow the Defendant Martinez's command to depart from a public location and go to any other specific location (such as his home).

41.     In response to and because of Plaintiff's exercise of his right to record police officers engaged in their public duty while on a public sidewalk, Defendant Martinez arrested Plaintiff.

42.     Defendant Martinez did not have probable cause to believe Plaintiff violated Englewood Municipal Code § 7-6A-5, Resistance/Interference with Municipal Officers.

43.     Defendant Martinez did not have probable cause to believe Plaintiff committed any crime.

44.     At the time Defendant Martinez arrested Plaintiff, Plaintiff had committed no crime; Plaintiff had only exercised his constitutional right to record police officers engaged in their public duty while on a public sidewalk.

45.     Defendant Martinez knew that Plaintiff had committed no crime, which is why he did not detain Plaintiff, or otherwise tell Plaintiff he was being detained, prior to Plaintiff recording Defendant Martinez while standing on a public sidewalk.

46.     As a result of Defendant Martinez retaliating against Plaintiff's constitutionally protected activity, Plaintiff was unjustifiably arrested, criminally charged, and had to defend against the criminal prosecution for over six months.

47.     Defendant Martinez caused Plaintiff injury that would chill a person of ordinary firmness from exercising his First Amendment rights. As a result of this incident, Plaintiff suffered loss of liberty, as well as emotional, economic, and dignitary injuries. Moreover, Plaintiff has lost confidence in his ability to assert the rights guaranteed to him by the Constitution of the United States of America. Plaintiff now fears police interactions and further fears that he may not be able assert his rights in the future.

48.     Such actions by Defendant Martinez, while acting under color of state law, deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the right to freedom of speech.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983, Fourth Amendment – Unlawful Arrest

49.     Plaintiff incorporates all other preceding paragraphs of this Complaint as if set forth herein.

50.     On April 9, 2020, Defendant Martinez responded to a call regarding a verbal dispute between Plaintiff and his neighbor.

51.     As Defendant Martinez began speaking with Plaintiff's neighbor, Plaintiff stood on a public sidewalk and recorded the interaction from at least fifteen feet away from Defendant Martinez and Plaintiff's neighbor.

52.     Plaintiff was not obstructing or interfering with Defendant Martinez's duties as a peace officer, as Plaintiff remained at least fifteen feet away while recording from a public sidewalk.

53.     Defendant Martinez arrested Plaintiff.

54.     Defendant Martinez charged Plaintiff with violating Englewood Municipal Code § 7-6A-5, Resistance/Interference with Municipal Officers.

55.     Throughout the brief encounter, Plaintiff never used or threatened physical force or violence against anyone, nor did he do anything that created a risk of physical injury to anyone.

56.     Plaintiff simply recorded Defendant Martinez while standing on a public sidewalk at least fifteen away from Defendant and Plaintiff's neighbor.

57.     Plaintiff verbally protested Defendant Martinez's decision to arrest him, but he made no attempt to pull away or otherwise resist Defendant Martinez's arrest.

58.     Plaintiff's refusal to go back to his home did not interfere with, or obstruct, Defendant Martinez's ability to investigate the verbal dispute with Plaintiff's neighbor.

59.     Thus, Defendant Martinez arrested Plaintiff without probable cause.

60.     On October 12, 2020, the state court granted the District Attorney's motion to dismiss.

61.     Such actions by Defendant Martinez, while acting under color of state law, deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including the right to free from arrest without probable cause, and led to the unlawful arrest, unjustified prosecution, and the damages that flowed therefrom.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants for: compensatory damages, as referenced above; punitive damages; interest as allowed by law; costs; expert witness fees; reasonable attorney fees, as allowed by statute or as otherwise allowed by law; and for any other and further relief that this Court shall deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.**

Respectfully submitted this 8th day of April, 2022.

Civil Rights Litigation Group, PLLC

*s/   Zachary L. Shiffler*
*s/   Raymond K. Bryant*
Raymond K. Bryant
Zachary L. Shiffler
1543 Champa St., Suite 400
Denver, CO 80202
P:  720-515-6165
F:  720-465-1975
Raymond@rightslitigation.com
Zach@rightslitigation.com

*Attorneys for Plaintiff*